# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEAN BAILEY JOHNSON,<br><br>Defendant. | Case No. 2:15-cr-00145-KJD-PAL<br><br>ORDER |

Presently before the Court is the letter of Defendant regarding his concurrent sentence but docketed as a Motion. (ECF No. 40). The Government filed a response in opposition (ECF No. 41) to which Defendant replied (ECF Nos. 43, 44).

Essentially, Defendant seeks to counsel the Court and the Bureau of Prisons ("BOP") on how credit for his sentence should be calculated. However, the Judgment (ECF No. 38) signed by the Court on February 2, 2018, is clear. Defendant received a custodial sentence of seventy-one months that was to commence on the date oral sentence was announced, January 31, 2018. (*Id.* at 2). The Court granted the request of Defendant, as agreed to by the Government in his plea agreement (ECF No. 33 at 7), that his sentence run concurrent to his current California state sentence. (ECF No. 38 at 2).

Defendant seeks to also receive credit for the time that he spent in California state custody beginning May 26, 2015. However, the Court did not order that he receive credit for this time. Further, sentencing credit determinations, including credit for time served, for incarcerated defendants are made by BOP as an administrative matter. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Consequently, a district court cannot award sentencing credits. *United States v. Checchini*, 967 F.2d 348, 349–50 (9th Cir. 1992).

A defendant must exhaust his administrative remedies, and only then, if dissatisfied, may he seek review through a 28 U.S.C. § 2241 petition. *See, e.g., Reno v. Koray*, 515 U.S. 50, 53 (1995) (describing procedural history of inmate's challenge to BOP credit determination); *see also Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (*per curiam*) (a federal prisoner is required to exhaust federal administrative remedies before bringing a *habeas* petition in federal court). In the present case, Defendant is both factually and legally incorrect about the posture of his case. The Court did not order credit for time served beginning May 26, 2015, and the Court may not order the BOP how to calculate his sentence.

Accordingly, Defendant's Motion (ECF No. 40) is **DENIED**.

DATED: August 15, 2025

                                                        Kent J. Dawson
                                                        United States District Judge